IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                  CRIMINAL ACTION NO. 2:04CR30-2

TIMOTHY LEE LEARY,

    Defendant.

## ORDER/OPINION

On the 21st day of March, 2006, came the United States of America by Stephen D. Warner, Assistant United States Attorney, and also came the defendant, Timothy Lee Leary, in person and by his counsel, Travis Fitzwater, for hearing on the Petition for Action on Conditions of Pretrial Release filed on March 10, 2006, alleging that Leary violated Condition No.1 and Condition No. 7(p) of his Conditions of Release and a letter amendment to the Petition dated March 21, 2006, alleging that Leary violated Condition No. 1 and Condition No. 7(p) of his Conditions of Pretrial Release by submitting a UA specimen on March 14, 2006, which tested positive for the use of marijuana and which is consistent with use of marijuana after the submission of the February 28, 2006, UA specimen.

### I. Procedural History

On August 1, 2005, Defendant Timothy Lee Leary was released on conditions set by Order. On March 10, 2006, pre-trial services officer Mark Sneberger filed a "Petition for Action on Conditions of Pretrial Release" alleging Defendant violated Mandatory Condition # 1 and Condition No. 7(p) of the Order. By Order dated March 13, 2006, United States Magistrate Judge John S.

Kaull directed Defendant be arrested and brought before the Court to answer the allegations made against him in the Petition.

Defendant was arrested pursuant to the Court's order and had an Initial Appearance on the violation on March 14, 2006. A hearing was held on the Petition for Action on Conditions of Pretrial Release before the undersigned on March 21, 2006. Thereafter a letter amending the Petition was filed. Defendant appeared in person and by his counsel, Travis Fitzwater. The United States appeared by Stephen Warner, its Assistant United States Attorney.

## II. Contentions

The Petition and letter amending the Petition allege that Defendant:

1. Violated Mandatory Condition No. 1 of the Order Setting Conditions of Release which provides: "The defendant shall not commit any offense in violation of federal, state or local law while on release in this case" and

2. Violated Condition No. 7(p) of the Order Setting Conditions of Release which provides: "The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substance defined in 21 U.S.C. §802, unless prescribed by a licensed medical practitioner.

The grounds for the Petition are as follows:

On February 28, 2006, the defendant reported to the probation office and submitted a UA specimen. This specimen, using in-house testing equipment, produced a positive result for the use of marijuana. The defendant denied the use of marijuana, therefore, the specimen was sent to Scientific Testing Laboratories, Inc. (STL) for further analysis. On March 9, 2006, the undersigned officer received the test results from STL which confirmed that the UA specimen provided by the defendant on February 28, 2006, was positive for marijuana. It is noted that the undersigned officer was unsuccessful in contacting the defendant on March 9, 2006. However, on March 10, 2006, the undersigned officer contacted the defendant and instructed him to report th the pretrial services office. The defendant reported as instructed. During this meeting the defendant maintained his earlier position that he had not used marijuana. The defendant however did state on February 21 or 22, 2006, he was on his way to work and his vehicle ran out of gasoline. He then "got a ride" to and from the gas station and the individuals in the car in which he was riding were smoking marijuana. It is noted that the undersigned officer contacted and spoke to a representative of STL who advised that the level of marijuana contained in the specimen was inconsistent

with second hand smoke inhalation. At the request of the undersigned officer, the defendant submitted a UA specimen, which using the in-house drug testing equipment, produced positive results for marijuana, opiates, and methamphetamine. The defendant denied the use of any of these substances, however, he did acknowledge taking two tablets that were given to him by another individual for "body pain" and this occurred approximately two to three days ago. He indicated that the tablets may have been Lorcet, however, he was uncertain. He further acknowledged that he does not have a prescription for Lorcet or any other pain medication. It is noted that this specimen was sent to STL for further analysis.

[A] UA specimen provided by the defendant on March 14, 2006, was sent to Scientific Testing laboratories, Inc. for analysis and subsequently returned as positive for the use of marijuana. Contact with a spokesperson with STL advised that the level of THC contained in this specimen was 26 ng/ml. They further advised that this level of THC is consistent with use subsequent to defendant's previous positive UA specimen of February 28, 2006.

Prior to the taking of testimony, counsel for defendant advised the Court that defendant desired to admit the allegations contained in the Petition and letter amending Petition, wanted to waive his right to a hearing and further desired to have his release on conditions forfeited and be incarcerated in the custody of the U.S. Marshal pending further proceedings in this case. Thereafter, the Court inquired of the defendant, under oath, relative to the voluntariness of his decision to waive the hearing, admit the allegations contained in the Petition and letter amendment thereto, and have his pretrial conditional release forfeited. Defendant, in response to the Court's inquiry, admitted that he had violated the terms and conditions of his pretrial release order by using marijuana on at least two occasions. From defendant's in-court statements under oath, the Court concluded that defendant's waiver of his right to a hearing and his admission of the allegations made against him in the Petition and the letter amending the Petition were his own free and voluntary acts and were not the result of coercion, pressure, undue influence, or promise or hope of reward.

### III. Findings Of Fact

Based on the testimony, waiver, and admissions made by the defendant during the hearing

3

held March 21, 2006, and the docket record as the same existed on March 21, 2006, the undersigned makes the following findings of fact:

1) Defendant was placed on conditional release by Order dated August 1, 2005.

2) Mandatory Condition No. 1 of the Order Setting Conditions of Release required Defendant to refrain from committing any offense in violation of federal, state or local law while on release in this case.

3) Condition No. 7(p) of the Order Setting Conditions of Release required Defendant to refrain use or unlawful possession of a narcotic drug or other controlled substance defined in 21 U.S.C. §802, unless prescribed by a licensed medical practitioner

4) Defendant was released from federal custody on August 1, 2005, pursuant to the Order Setting Conditions of Release.

5) Defendant signed an acknowledgment that he was aware of the conditions of his release, was aware of the penalties and sanctions for violations of his conditions of release, and promised to obey his conditions of release.

6) Defendant is Pretrial Services Officer Mark Sneberger's assigned supervisee.

7) Defendant submitted two UA specimens that tested positive for marijuana and one that tested positive for marijuana, opiates, and methamphetamine.

IV. Conclusion

Upon consideration of all which, the undersigned concludes there is clear and convincing evidence that Defendant violated Mandatory Condition No. 1 and Condition No. 7(p) of the Order Setting Conditions of Release entered August 1, 2005.

Based on the foregoing admitted conduct, the Court concludes there is clear and convincing evidence and the Court finds from that evidence that Timothy Lee Leary is unlikely to abide by any

condition or combination of conditions of release and that his request to surrender or forfeit his release on conditions and be immediately incarcerated should be granted. It is therefore **ORDERED** that the release of Defendant Timothy Lee Leary on conditions is **REVOKED** and that Defendant be **REMANDED** to the custody of the United States Marshal pending further proceedings in this case.

The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

DATED: March 23, 2006.

**/s** *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE